UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF H.P., L.P., and R.P., MINORS, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:25-cv-00615 ADA-SH |
| § | |
| AUSTIN MONTESSORI SCHOOL, INC.; § | |
| RONALD GRAE BAKER, INDIVIDUALLY; § | |
| and JINNY GONZALEZ, INDIVIDUALLY, § | |
|     Defendants. § | |

**PLAINTIFFS' OPPOSED MOTION TO REMAND**

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. ARGUMENTS AND AUTHORITIES ............................................................................ 2

    A. Standard of Review ................................................................................................. 2

    B. The Forum Selection Clause Requires Remand ..................................................... 3

    C. The Predominance of State Law Claims Warrants Remand ................................... 8

        1. Novel or Complex Issue of State Law ............................................................ 8

        2. Substantial and Predominate .......................................................................... 9

        3. Judicial Economy ............................................................................................ 9

IV. CONCLUSION AND PRAYER ................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguas Lenders Recovery Grp. V. Suez, S.A.*, 585 F.3d 696 (2nd Cir. 2009) ................................ 6

*AMMCO v. Romano*, 42. F.Supp. 3d 700 (E.D. Penn 2014) .......................................................... 6

*Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) ............ 5

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ...................................................................... 5

*Buck v. Blum*, 130 S.W.3d 285 (Tex.App.Houston [14th Dist.] 2004, no pet.) .............................. 6

*Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir.1985) ........................................... 7

*Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, No. 1:20-cv-02757-DDD-STV, 2020
    WL 6119470 (D. Colo. Oct. 16, 2020) ...................................................................................... 6

*Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir.2004) ......... 7

*In re: Fraser*, 75 F. Supp. 2d 572 (E.D. Tex. 1999) ....................................................................... 3

*Manguno v. Prudential Property & Ca. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ........................... 3

McDermott Int'l, Inc. v. Lloyds Underwriters, 944 F.2d 1199 (5th Cir.1991) ............................... 5

*Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328 (S.D. Tex. 1995) ............................ 3

*Paper Express, Ltd. v. Pfankuck Maschinen GmbH*, 972 F.2d 753 (7th Cir.1992) ........................ 4

*Stewart v. Ricoh Corp.*, 487 U.S. 22 (1988), at 32, 108 S.Ct. 2239 ............................................... 5

*Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 356 F. Supp. 3d 612 (N.D.
    Tex. 2019) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457 (5th Cir. 2004)) ... 3

*Texas Medicine Resources, LLP*, 356 F. Supp. 3d at 616 ............................................................... 3

*Vantage Trailers v. Beall Corp.*, 567 F.3d 745 (5th Cir. 2009) ...................................................... 3

Waters v. Browning–Ferris Indus., Inc., 252 F.3d 796 (5th Cir.2001) .......................................... 5

**Statutes**

28 U.S.C. § 1447(c) ................................................................................................................. 10

28 U.S.C. §1367(c) .................................................................................................................... 9

28 U.S.C. §1404(a) .................................................................................................................... 5

28 U.S.C. §1447 ........................................................................................................................ 2

28 U.S.C. Sec. 1367(c)(1) ......................................................................................................... 8

28 U.S.C. Sec. 1441-1443 ......................................................................................................... 3

28 USC Sec. 1367(c)(2) ............................................................................................................ 9

**Other Authorities**

Clopton, Zachary and Alexandara Lahav, "Fraudulent Removal," 135 Harv. L. Rev F. 87, Vol. 135, Issue 2, December 2021 ................................................................................................ 3

Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 ............................................................................................................................................. 9

**I.     INTRODUCTION**

1.     This action was originally filed in 345th Judicial District Court of Travis County Texas under Cause Number D-1-GN-25-002212, on March 28, 2025.

2.     On April 24, 2025, Defendants, Austin Montessori School, Inc.; Ronald Grae Baker; and Jinny Gonzalez, removed this action to this Court claiming Federal Question Jurisdiction.

3.     Plaintiffs now move this Court to remand this action to Travis County District Court in Travis County, Texas, because (1) the underlying contract contains a valid and enforceable forum selection clause requiring any action related to the contract to be brought in Travis County, Texas, and (2) the majority of Plaintiffs' claims are based on state law, with only a tangential or insubstantial federal issue, if any.

**II.    FACTUAL BACKGROUND**

4.     This matter arose from a dispute between the parties involving the selection of the Defendants' school for the Plaintiffs' minor children to attend, the minor Plaintiffs' enrollment, attendance, and subsequent expulsion from Austin Montessori School ("AMS). The claims involve breach of contract, fraud, and fraudulent inducement regarding the programing available at the school. The claims involve the unauthorized practice of medicine by the Defendants, negligence and gross negligence in the operation of a school under the Texas state minimum standards, and retaliation. All of these claims are state law claims. The Plaintiffs have also made a claim for ADA and 504 regarding the contractual terms and services provided. These claims arise more from the state than the federal law. See "Exhibit A", Plaintiffs' Original Petition and Motion to Compel Mediation.

5.     The Ponders first enrolled at AMS in August of 2023. The Ponders were fraudulently induced into the enrollment contract, being told that a rare enrollment opportunity had become

1

available and that the school could accommodate the educational needs of their children. Each school term they would enter into a contractual agreement with AMS to provide educational services.

6. Defendants then breached the contract and refused to provide the contracted for number of hours of enrollment. Defendants began calling Plaintiffs and making them pick up their children from school as early as two hours after arrival.

7. Defendant Gonzalez diagnosed Plaintiff H.P. with a medical condition and created a treatment plan and Defendants began treating him, even though the school is not a medical office and Defendant Gonzalez has no medical training. Defendants required Plaintiffs to seek additional treatment for H.P. Plaintiffs subsequently learned that H.P. suffered from ADHD and not the medical condition created by Defendants.

8. When Plaintiffs voiced their concerns over the actions of Defendants, the Defendants retaliated and expelled all three of the Plaintiffs' children.

9. Plaintiffs, as per the contract, attempted pre-suit mediation. When Defendants refused to participate, the Plaintiffs were forced to file the state court action on March 28, 2025. The Plaintiffs filed a Motion to Compel Mediation as part of their state court action to enforce the mediation provision of the contract. Instead of agreeing to the mediation, and to further delay, Defendants removed this case to Federal Court.

10. Plaintiffs' Motion to Remand is timely as it has been filed within the 30-day period allowed by 28 U.S.C. §1447.

### III.    ARGUMENTS AND AUTHORITIES

    **A.    Standard of Review.**

11. Federal courts are courts of limited jurisdiction and can only hear cases permitted under Article III of the Constitution and through a "jurisdictional grant authorized by Congress." *In re:*

*Fraser*, 75 F. Supp. 2d 572, 576 (E.D. Tex. 1999). Federal courts are "duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist." *Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 356 F. Supp. 3d 612, 615 (N.D. Tex. 2019) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

12. When a removal is challenged, the Court must first determine if there is a statutory basis or removal under 28 U.S.C. Sec. 1441-1443. Upon challenging removal, "the burden of proof falls on the party claiming jurisdiction, and the showing must be made by a preponderance of the evidence." *Vantage Trailers v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Additionally, "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property & Ca. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Texas Medicine Resources, LLP*, 356 F. Supp. 3d at 616. If subject matter jurisdiction does not exist, "a federal court must remand the suit to the state court where it originated." *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

13. The removal of this action could be considered fraudulent removal, as the assertion of federal jurisdiction is insubstantial and was made for an improper purpose. See, Clopton, Zachary and Alexandara Lahav, "Fraudulent Removal," 135 Harv. L. Rev F. 87, Vol. 135, Issue 2, December 2021. Defendants improperly remove this matter in an attempt to circumvent and delay mediation. The State District Court suit was filed to enforce a mediation provision of the Parties contract.

      **B.**     **The Forum Selection Clause Requires Remand**

14. The Parties entered into a contract on or about January 17, 2024, which governs the subject

3

matter of this dispute. A true and correct copy of the contract is attached hereto as "Exhibit B."

15. The contract contains a forum selection clause, which states: "This contract shall be governed under the laws of the State of Texas. In the event of a dispute regarding the terms of this Agreement or Student's enrollment at the School, the parties agree to first try to resolve such dispute informally through non-binding mediation. The cost of mediation shall be equally borne between the parties. In the event of litigation, the venue of any action hereunder shall lie exclusively within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury."

16. Moreover, "where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced." *Paper Express, Ltd. v. Pfankuck Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir.1992). The forum selection clause in the contract written by the Defendants clearly states: "In the event of litigation, the venue of any action hereunder shall lie exclusively within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury." In this instance, use of the word "shall" and "exclusively" makes it a mandatory forum selection clause.

17. The Parties entered into a contract for services, which are the basis of this dispute. The court states, "This contract shall be governed under the laws of the State of Texas. In the event of a dispute regarding the terms of this Agreement or Student's enrollment at the School, the parties agree to first try to resolve such dispute informally through non-binding mediation. The cost of mediation shall be equally borne between the parties. In the event of litigation, the venue of any action hereunder shall lie exclusively within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury."

18. For a contractual clause to prevent a party from exercising its right to removal, the clause

must give a "clear and unequivocal" waiver of that right. *McDermott Int'l, Inc. v. Lloyds Underwriters,* 944 F.2d 1199 (5th Cir.1991); *Waters v. Browning–Ferris Indus., Inc.,* 252 F.3d 796 (5th Cir.2001). In the case at hand the Parties unequivocally waived the right to remand by stating the "venue lies exclusively" in Travis County District Court.

19. It is well-established that forum selection clauses, that are a vital part of the contract, are binding on the parties "unless the respondent can meet the heavy burden of showing that its enforcement would be unreasonable, unfair, or unjust." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Additionally, forum selection clauses are *"prima facie* valid." *Id* at 10.

20. Moreover, 28 U.S.C. §1404(a) "governs the District Court's decision whether to give effect to the parties' forum selection clause," and the forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Stewart v. Ricoh Corp.*, 487 U.S. 22 (1988), at 32, 33, 108 S.Ct. 2239. As the parties bargained-for this forum selection clause, the enforcement "protects their legitimate expectations and furthers vital interests of the justice system." *Id* at 33.

21. Additionally, after an agreement for a forum selection clause is made, "the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation" is waived as the court must determine that "the private-interest factors…weigh entirely in favor of the pre-selected forum." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

22. The forum selection clause also applies to the individual employees that have been named individually, while acting in the course and scope of their employment, which was to fulfil the services for which the Plaintiffs contracted. The individuals named in the action through the Close Relationship Doctrine which is used to prevent, "parties to contracts from using evasive, formalistic means lacking economic substance to escape contractual obligations." *Aguas Lenders*

5

*Recovery Grp. V. Suez, S.A.*, 585 F.3d 696, 701 (2nd Cir. 2009). The individuals named in this action are employees of Austin Montessori School and these claims arise from work done in the course and scope of their employment. "'The typical *respondeat superior* claim involves an allegation of negligence on the part of the employee'" occurring within the course and scope of the employee's employment." *Buck v. Blum*, 130 S.W.3d 285, 288 (Tex.App.Houston [14th Dist.] 2004, no pet.). "The close relationship arises directly from benefits that the…Defendants derived from the…contractual relationship." *AMMCO v. Romano*, 42. F.Supp. 3d 700, 709 (E.D. Penn 2014). "Even though they are non-signatories, [they] are nevertheless bound to the forum-selection clauses, having apparently been created and operated by a signatory to engage in activities covered by the agreements." *Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, No. 1:20-cv-02757-DDD-STV, 2020 WL 6119470 (D. Colo. Oct. 16, 2020). In the case at hand, the individuals named in this action benefit from a close relationship with Defendant AMS through *respondeat superior*. Therefore, the individuals named in this action are also bound by the terms of the Contract.

23.     The forum selection clause in the contract between Plaintiffs and Defendants is valid and enforceable. It clearly and unambiguously designates the Travis County, District Court as the exclusive forum for any action arising out of or relating to the contract. Plaintiffs' claims in this action fall squarely within the scope of the forum selection clause, as they directly arise from and relate to the contract. Therefore, the Court should honor the parties' contractual agreement and remand this action to the County Court of Law in Travis County, Texas.

24.     The Parties clearly contractually agreed to a forum of Travis County District Court. While the Contract states, "Circuit Court," this term means the state trial court. In the federal court system, the Circuit Courts are appellate courts. Since one cannot begin a case in appellate court, it is clear that the state district court of Travis County is the proper forum for this suit.

25. The forum selection clause of the contract specifically states Travis County. While Travis County is one County in the Western District, it is not a Court only for Travis County. Filing in the Western District of Texas as it does not guarantee that litigation would occur in Austin, nor does the clause say Austin Division. Matters can be heard in other divisions and magistrates may hear matters in other counties within the Austin District. As such, the Western District of Texas, Austin Division, does not specifically mean Travis County, Texas. Therefore, the Court should honor the parties' contractual agreement and remand this action to the 345th Judicial District Court of Travis County, Texas.

26. It has been previously decided that where there is ambiguity in a forum selection clause "an interpretation is preferred which operates more strongly against the party from whom the words proceeded." *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir.1985).

27. Additionally, in *Global Satellite Communication Co.*, the language in the forum selection clause of the contract is similar to that of this case—it names a geographical location, "host to several forums." However, the Court found it appropriate to construe the verbiage against the drafter as well. *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1274 (11th Cir.2004).

28. The contract clearly states that Travis County District Court is the proper venue. The Parent Community Handbook, which is incorporated into the contract, states that Defendant AMS follows the ADA and other applicable laws under which Plaintiffs bring suit. This makes clear that, at the time the contract was drafted, Defendant AMS intended for those types of claims to be brought in State Court.

29. Therefore, since Defendants drafted the contract, including the forum selection clause and the Parent Community Handbook, the Court should find that the forum selection clause be

interpreted in favor of Plaintiffs.

30. The forum selection clause clearly provides for venue in the Travis County District court. As such, this case must be remanded to the Travis County District Court in Travis County, Texas.

### C. The Predominance of State Law Claims Warrants Remand

31. Even if the Court were to find that the Forum Selection Clause does not apply, Plaintiffs' claims in this action arise directly from the contract and relate to breach of contract, fraud, fraudulent inducement, civil conspiracy, retaliation, negligence, negligence *per se*, gross negligence, negligent activity, *Respondeat Superior*. The only federal claims, ADA Title III and 504. If the court does not find that the Federal claims must be remanded under the forum selection clause, the Court must remand the state claims. Further, the Federal law claims should also be remanded because they are minor.

32. The majority of Plaintiffs' claims are based on Texas state law, including, but not limited to, claims for negligence, negligence *per se*, gross negligence, negligent activity, *Respondeat Superior*, breach of contract, fraud, fraudulent inducement to contract, civil conspiracy, and retaliation. Further, some claims involve the unauthorized practice of medicine, which is specifically governed by the state.

#### 1. Novel or Complex Issue of State Law

33. The case at hand involves novel or complex issues of state law. 28 U.S.C. Sec. 1367(c)(1). This matter involves a complex matter involving Texas laws regarding the unauthorized practice of medicine and the regulations regarding the accreditation of schools. These two very state specific areas have converged, seemingly for the first time, in the courtroom. The matter at hand involves the ability of a school that is accredited for elementary education to allow a manager to diagnosis with no medical training and then provide a treatment plan and treat the student/patient

in a school setting.

        **2.**        **Substantial and Predominate**

34. The state law claims "substantially predominate" over the federal law claims. 28 USC Sec. 1367(c)(2).

        **3.**        **Judicial Economy**

35. Due to the quantity, complexity and overall significance and complexity of the state law claims relative to the minor federal law claims, we ask this court to use its discretion to remand this entire matter based on efficiency and fairness. In the case at hand, the 504 and ADA claims are so insubstantial and are dependent on the state law claims, as they are a part of the facts that has lead to the allegations of unauthorized practice of medicine.

36. Should the Court find that there is a minimal federal issue present in this case, the Court should decline to exercise supplemental jurisdiction over the predominantly state law claims and remand the action to state court. In fact, 28 U.S.C. §1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

37. In this case, Plaintiffs' state law claims for: negligence, negligence *per se*, gross negligence, negligent activity, *Respondeat Superior*, breach of contract, fraud, fraudulent inducement to contract, civil conspiracy, and retaliation overwhelm Defendants' asserted federal claims of a violation of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. The Fifth Circuit and other courts have consistently held that when state law claims predominate, remand is appropriate. Therefore, in the interest of comity and judicial economy, the Court should remand this action to the 345th Judicial District Court in Travis County, Texas, where the state law claims can be properly adjudicated.

## IV.   CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs respectfully request the Court:

1. Grant this Motion to Remand.

2. Remand this action to the 345th Judicial District Court, Travis County, Texas.

3. Order Defendants to pay Plaintiffs' just costs and actual expenses, including attorney's fees, incurred as a result of the improper removal, pursuant to 28 U.S.C. § 1447(c).

4. Grant such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WELBORN LAW LLC**
8712 Mesa Suite B206
Austin, Teas 78759
Telephone: (512) 825-3390


By: _/s/ Amy C. Welborn_
   Amy C. Welborn
   State Bar No. 24012853
   amy@welborn-law.com

ATTORNEY FOR PLAINTIFFS


### CERTIFICATE OF CONFERENCE

The undersigned certifies counsel have conferred. Defendants oppose the relief sought. Accordingly, the Motion is presented to the Court for resolution.

_/s/ Amy C. Welborn_
Amy C. Welborn


### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on 5th day of May 2025.

_/s/ Amy C. Welborn_
Amy C. Welborn