UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF H.P., L.P., and R.P., MINORS, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:25-cv-00615 ADA-SH |
| § | |
| AUSTIN MONTESSORI SCHOOL, INC.; § | |
| RONALD GRAE BAKER, INDIVIDUALLY; § | |
| and JINNY GONZALEZ, INDIVIDUALLY, § | |
|     Defendants. § | |

**PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED MOTION TO REMAND**

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1
II. THE FORUM SELECTION CLAUSE MANDATES EXCLUSIVE VENUE IN STATE COURT ........................................................................................................................ 1
    A. Defendants' Reliance on "In" or "Within" is Misplaced. .............................................. 2
    B. The Forum Selection Clause Constitutes a Clear Waiver of Removal ......................... 2
III. THE JURY TRIAL WAIVER IS NOT ENFORCEABLE ABSENT A KNOWING AND VOLUNTARY WAIVER ............................................................................................. 3
IV. REMOVAL WAS IMPROPER AS PLAINTIFFS' CLAIMS DO NOT ARISE UNDER FEDERAL LAW ........................................................................................................... 4
V. FEDERAL ISSUES ARE NOT NECESSARILY RAISED OR SUBSTANTIAL ........... 5
VI. REQUEST FOR COSTS AND ATTORNEYS' FEES ..................................................... 5
VII. CONCLUSION .............................................................................................................. 6

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allyn v. W. United Life Assur. Co.*, 347 F.Supp.2d 1246 (M.D.Fla.2004) ...................................... 3

*Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546 (5th Cir. 2008)........................................................ 4

*City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 50 (5th Cir. 2004) ............................. 1

*City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)
 .................................................................................................................................................... 2

*Dixon v. TSE Int'l, Inc.*, 330 F.3d 396 (5th Cir. 2003) (per curiam)) ............................................. 2

*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318 (10th Cir. 1997)................................. 1

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ......................... 5

*Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255 (5th Cir. 2017)...................... 2

*Gunn v. Minton*, 568 U.S. 251 (2013)............................................................................................ 5

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ............................................................. 5

*In re Credit Suisse First Bos. Mortg. Capital, LLC*, 273 S.W.3d 843 (Tex. App.—Houston [14th
 Dist.] 2008, orig. proceeding) ..................................................................................................... 3

*Lamar County Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL
 1061188 (E.D. Tex.), aff'd, 2022 WL 476086 (5th Cir.) ....................................................... 2, 6

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986)...................................................... 5

*Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008)............................................................ 5

**Statutes**

Under 28 U.S.C. § 1447(c) ............................................................................................................ 5

**I.     INTRODUCTION**

1.     Plaintiffs file this, their reply in further support of their Motion to Remand [Dkt. 9] and reply to the Defendants' Opposition [Dkt. 13].

**II.    THE FORUM SELECTION CLAUSE MANDATES EXCLUSIVE VENUE IN STATE COURT**

2.     The clause at issue provides:

"In the event of litigation, the venue of any action hereunder shall lie exclusively within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury."

Dkt. 9-2, ¶ 12. This is not merely a geographic designation, as Defendants argue. The clause unambiguously designates the exclusive venue for any dispute as a specific court—the "Circuit Court of Travis County, Texas." Despite Defendants' effort to portray this as geographically broad language, the use of the term "exclusively within the Circuit Court" conveys an intention to select a particular forum, not merely a location.

3.     Although Texas does not have a "Circuit Court of Travis County, Texas," the reasonable interpretation is that the parties intended to refer to a trial-level court in Travis County—i.e., the Texas District Court or County Court. Courts routinely enforce forum selection clauses that contain such minor misnomers, focusing on intent rather than formality. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (interpreting "exclusive jurisdiction" in "district court of El Paso County, Colorado" to mean state court, not federal).

4.     The use of the term "exclusively" forecloses any construction that would allow for parallel federal jurisdiction. The Fifth Circuit has recognized that language specifying actions "shall be brought in [a state court]" operates as a waiver of removal rights. *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Likewise, this clause contains mandatory

1

language specifying the exclusive forum and should be enforced as such.

### A. Defendants' Reliance on "In" or "Within" is Misplaced.

5. Defendants argue that "within the Circuit Court of Travis County" is ambiguous or geographic, relying on *Lamar County Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188 (E.D. Tex.), aff'd, 2022 WL 476086 (5th Cir.). That reliance is misplaced.

6. In *Lamar County*, the clause used the word "in" to describe a geographic district. Here, by contrast, the clause expressly references a court—not a geographic area—making it a forum designation, not a mere reference to locale. The use of the word "exclusively" underscores the intent to restrict jurisdiction, not merely location.

7. Even if the phrase "Circuit Court of Travis County" is imprecise or uncommon in Texas, it plainly does not refer to the United States District Court for the Western District of Texas, which is a federal court, not a court "of Travis County." The United States District Court sits in Travis County, but it is not a court of Travis County. "Where [a forum selection clause] grants exclusive jurisdiction to the "the Courts of Texas," it is referring to Texas state courts, not just courts located in Texas." *Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (quoting *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam)). Therefore, the forum selection clause is referring to the County Court of Travis County, Texas—a state court.

### B. The Forum Selection Clause Constitutes a Clear Waiver of Removal

8. It is well established that a party may contractually waive its right to remove a case to federal court. *See Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017). A waiver is found where the clause: designates a specific court; uses mandatory language; and does not provide alternative forums. *Id*; *see also City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("A party may waive its rights by

agreeing to a mandatory, exclusive forum selection clause. In determining whether there has been a waiver, we look to the language of the forum selection clause for a clear and unequivocal expression of the party's intent to litigate in a particular forum."). All of these elements are satisfied here. The clause mandates that venue shall lie exclusively in a named court. While Defendant argues the clause is ambiguous, that position is unsustainable given the directive language used.

9. The Fifth Circuit has also held that even ambiguity cannot overcome the requirement of a "clear and unequivocal" waiver. *See Grand View*, 847 F.3d at 258. But here, the waiver is not ambiguous—it is explicit in identifying an exclusive venue that does not include this Court.

### III. THE JURY TRIAL WAIVER IS NOT ENFORCEABLE ABSENT A KNOWING AND VOLUNTARY WAIVER

10. Under well-established federal and Texas law, waivers of the constitutional right to a jury trial are not lightly presumed and must be knowing, voluntary, and intentional. *See In re Credit Suisse First Bos. Mortg. Capital, LLC*, 273 S.W.3d 843, 847 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("Before a jury waiver will be enforced, such waiver must be found to be a voluntary, knowing, and intelligent act that was done with sufficient awareness of the relevant circumstances and likely consequences."). Courts will consider "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel." In determining whether a waiver was made knowingly and voluntarily. *Allyn v. W. United Life Assur. Co.*, 347 F.Supp.2d 1246, 1252 (M.D.Fla.2004).

11. Here, Defendants have made no showing that Plaintiffs knowingly and voluntarily waived their constitutional right to a jury trial. The language relied upon by Defendants is embedded in a boilerplate provision of a contract of adhesion. There is no evidence Plaintiffs were specifically

3

advised of the jury waiver, negotiated it, or agreed to it with full understanding of its implications. Additionally, Plaintiffs were not represented by counsel at the time of the signing of the contract. Under both Texas and federal standards, such generalized contractual provisions do not satisfy the high burden required to constitute a valid waiver of a fundamental right.

12.     Additionally, Defendants assert that Plaintiffs are selectively enforcing provisions of the contract, however, Defendants are engaging in selective enforcement themselves. Defendants cannot simultaneously argue that the forum selection clause is not enforceable to preclude removal while insisting that other procedural waivers within the same clause—such as the waiver of a jury trial—must be enforced against Plaintiffs. Defendants are attempting to have it both ways: to invalidate the forum selection clause for purposes of maintaining federal jurisdiction, while invoking it as binding when it suits its procedural preferences. This approach is legally inconsistent and undermines Defendants' credibility.

### IV.     REMOVAL WAS IMPROPER AS PLAINTIFFS' CLAIMS DO NOT ARISE UNDER FEDERAL LAW

13.     Defendants contend that Plaintiffs' claims "arise under" federal law, but that assertion misrepresents both the Complaint and the applicable legal standards. As the Fifth Circuit has held, "[t]he plaintiff is the master of his complaint" and a federal question must appear on the face of the complaint. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citation omitted). Plaintiffs' complaint asserts causes of action primarily under Texas law, including breach of contract, fraud, negligence, and related torts, and any references to federal statutes are incidental or background.

14.     Defendants argue that Plaintiffs' references to the ADA and Section 504 confer federal jurisdiction. This is incorrect. The Supreme Court has made clear that "[t]he presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell*

4

*Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). *See* also *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). Indeed, a case does not arise under federal law simply because it involves a federal statute. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

## V.    FEDERAL ISSUES ARE NOT NECESSARILY RAISED OR SUBSTANTIAL

15.    Defendants also incorrectly invoke the "substantial federal questions" doctrine under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Under *Grable*, federal question jurisdiction exists only where a federal issue is "necessarily raised, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This doctrine is inapplicable here.

16.    No federal issue is necessarily raised by Plaintiffs' claims. At most, federal statutes may inform the standard of care or factual context for Plaintiffs' Texas-law causes of action, but that is not sufficient under *Grable*. Defendants allege that Plaintiffs' federal causes of action are "the heart of the case," however, Plaintiffs have asserted violations of the ADA and Section 504 as evidence of negligence on behalf of AMS and its policies. It is a question of fact whether AMS engages in discriminatory practices contrary to the values AMS portrays to prospective students and their families. The causes of action that constitute the "heart of the case" are the breach of contract, fraudulent inducement, negligence, and other tort claims that arise from false promises made by AMS and its staff and AMS' failure to conform to federal laws. These claims do not "necessarily raise" any federal question. AMS' failure to conform is evidenced by violations of the ADA and Section 504—making these claims insubstantial or incidental when compared to the predominant state law claims.

## VI.    REQUEST FOR COSTS AND ATTORNEYS' FEES

17.    Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants

removed this case without a viable basis for federal jurisdiction. Plaintiffs respectfully request that the Court award reasonable costs and fees associated with responding to the improper removal. See attached Exhibit 1 Affidavit of Attorneys' Fees incorporated herein by reference.

## VII. CONCLUSION

Plaintiffs' Motion to Remand should be granted. The forum selection clause unambiguously declares the District Court of Travis County, Texas as the only proper forum. Defendants incorrectly rely on *Lamar Cnty.* to determine that the forum selection clause merely designates a geographic venue when, in actuality, the forum selection clause unambiguously designates the state court located in Travis County, Texas. Additionally, no federal issue is necessarily raised by Plaintiffs' claims. Rather, the violations of the ADA and Section 504 are used to prove the predominant state law claims asserted by Plaintiffs in the Complaint. Accordingly, this case has been improperly removed to this Court, and remand must be granted.

       Respectfully submitted,

       **WELBORN LAW LLC**
       8712 Mesa Suite B206
       Austin, Teas 78759
       Telephone: (512) 825-3390


       By:  */s/ Amy C. Welborn*
         Amy C. Welborn
         State Bar No. 24012853
         amy@welborn-law.com

       ATTORNEY FOR PLAINTIFFS


## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on May 27, 2025.


       */s/ Amy C. Welborn*
       Amy C. Welborn