**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISON**

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § <br> INDIVIDUALLY, AND AS NEXT FRIEND § <br> OF H.P., L.P., and R.P., MINORS, § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> AUSTIN MONTESSORI SCHOOL, INC.; § <br> RONALD GRAE BAKER, INDIVIDUALLY; § <br> and JINNY GONZALEZ, INDIVIDUALLY, § <br> *Defendants.* § | CIVIL ACTION NO. 1:25-cv-00615-ADA-SH |

## DEFENDANTS' OPPOSED MOTION TO STRIKE (DKT. 15) AS UNTIMELY AND STRIKE NEW EVIDENCE, OR IN THE ALTERNATIVE, OPPOSED MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF OPPOSED MOTION TO REMAND

COME NOW Defendants who file this, their Opposed Motion to Strike (Dkt. 15) as Untimely and Strike New Evidence, or in the Alternative, Opposed Motion for Leave to File Surreply to Plaintiff's Reply in Support of Opposed Motion to Remand, and in support thereof respectfully show the Court as follows:

### I.   STATEMENT OF FACTS

1. Defendants filed a Notice of Removal on April 24, 2025. *See* Dkt. 1.

2. On May 5, 2025, Plaintiff filed a Motion to Remand. *See* Dkt. 9.

3. Then on May 8, 2025, Defendants filed a Response in Opposition to Plaintiff's Motion to Remand. *See* Dkt. 13.

4. Plaintiff's deadline to file a Reply, per Local Rule CV-7(e)(2), was May 15, 2025, yet Plaintiff did not file a Reply to the Response to the Motion to Remand until May 27, 2025. *See* Dkt. 15.

5. Defendants file this Motion to Strike Plaintiff's Reply to Response to Motion to Remand (Dkt. 15) on the grounds that the motion is untimely, per Local Rule CV-7(e)(2). Plaintiff did not confer with Defendant prior to the filing of the Reply. Moreover, Plaintiff also includes additional evidence in the Reply which Defendants were not able to address.

## II.   ARGUMENT & AUTHORITIES

### A.   PLAINTIFF'S REPLY IS UNTIMELY

Plaintiff's reply was due on May 15, 2025. The Reply was filed almost two weeks past the deadline, and there was no attempt to confer with opposing counsel or seek leave of court. Pursuant to the Court's Local Rules, any reply must be filed within seven days of the nonmovant filing a response to a motion. *See* Local Rule CV-7(e)(2); *White v. Dolgencorp of Texas, Inc.*, No. SA-18-CV-00079-OLG, 2018 WL 4677907, at *3 (W.D. Tex. June 18, 2018), report and recommendation adopted sub nom. *White a/n/f of L.J. v. Dolgencorp of Texas, Inc.*, No. CV SA-18-CA-79-OG, 2018 WL 4701817 (W.D. Tex. July 10, 2018). Replies are not mandatory under the local rules and the court should either (1) strike the document, or (2) disregard it entirely.

### B.   PLAINTIFF SUBMITS NEW EVIDENCE IN THE REPLY

Plaintiff submits an affidavit regarding attorney's fees for the first time in the reply. The Court should strike the reply in its entirety due to the untimeliness and submission of additional evidence. However, if the Court does not strike the evidence, Defendant must be given an opportunity to respond. "Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief.... However, a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond." *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745–46 (E.D. La. 2012). "[A] reply brief that presents dispositive evidence by way of *new*

*affidavits* and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc. v. Am. Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (emphasis added). In situations where parties present new affidavits in a reply, courts sometimes permit the opposing party to file a surreply. *See id.* (granting the defendant's motion for leave to file a reply with new evidence but giving the plaintiff the opportunity to file an additional response afterwards); *Simmons v. T-Mobile USA*, No. H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) (permitting a surreply in a case where the plaintiff submitted new affidavits in a reply brief). Alternatively, the court can refuse to consider the new evidence. *See BHI Energy Power Servs., LLC v. KVP Energy Servs., LLC*, No. 3:22-CV-1981-L, 2023 WL 223179, at *4 (N.D. Tex. Jan. 17, 2023) (declining to consider new evidence submitted by the plaintiff in its reply brief); *Jackson v. Dallas Cnty. Juv. Prob. Dep't*, No. CIV.A. 3:06-CV 264MB, 2007 WL 2187250, at *4 (N.D. Tex. July 30, 2007) (refusing to consider new evidence in a reply to summary judgment motion), *aff'd sub nom. Jackson v. Dallas Cnty. Juv. Dep't*, 288 F. App'x 909 (5th Cir. 2008). A court only abuses its discretion in a case where a party presents new evidence in a reply, the court denies the opposing party's motion for a surreply, and the court relies on the new evidence in making its decision. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.*, 836 F. App'x 232, 235–36 (5th Cir. 2020).

### III.  CONCLUSION

Plaintiff's Reply in Support of the Motion to Remand should be struck from the record as untimely and on the ground that new evidence was introduced without providing Defendants adequate time to respond. Alternatively, if the Court denies Defendants' Motion to Strike, Defendants should be granted leave to file a Surreply to Plaintiff's Reply in order to address the additional evidence.

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**
Travis Building
9011 Mountain Ridge Dr., Suite 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile: 210-538-5384

By: */s/ Christopher Schulz*
**CHRISTOPHER SCHULZ**
State Bar No. 24060576
Email: cshulz@slh-law.com
**ELIZABETH ANGELONE**
State Bar No. 24077349
Email: eanglone@slh-law.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I attempted to conferred with counsel for Plaintiff on May 28, 2025, regarding Defendants' Motion. Counsel for Plaintiff has not responded, therefore Defendant is filing this motion as opposed.

*/s/ Christopher Schulz*
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, the foregoing document was electronically filed with the Clerk of the Court, and a copy was served via the Court's electronic filing system on Plaintiffs' counsel of record:

Amy C. Welborn
**WELBORN LAW LLC**
8712 Mesa Suite B206
Austin, Texas 78759
amy@welborn-law.com

*/s/ Christopher Schulz*
Attorney for Defendants