UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF H.P., L.P., and R.P., MINORS, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:25-cv-00615 ADA-SH |
| § | |
| AUSTIN MONTESSORI SCHOOL, INC.; § | |
| RONALD GRAE BAKER, INDIVIDUALLY; § | |
| and JINNY GONZALEZ, INDIVIDUALLY, § | |
|     Defendants. § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

I. PROCEDURAL BACKGROUND ................................................................................... 1
II. LEGAL STANDARD ..................................................................................................... 1
III. ARGUMENT ................................................................................................................... 2
IV. CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594 & n.2 (5th Cir. 1981) .......................................... 2

*Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594 (5th Cir. 1981) ..................................................... 2

*Foman v. Davis,* 371 U.S. 178 (1962) ............................................................................................. 2

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363 (5th Cir. 2001) ................................. 2

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765 (5th Cir. 1999) ............................................................................................................................................ 2

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, S. Ct. 795 L. Ed. 2d 77 (1971).... 1

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 1, 2

Rule 15(2) of the Federal Rules of Civil Procedure ........................................................................ 1

1. Pursuant to Rule 15(2) of the Federal Rules of Civil Procedure, Plaintiffs move the Court for leave to file the attached First Amended Complaint.

2. Based on additional facts and information discovered in our investigation and review of documents Plaintiffs seek leave to amended the original Complaint to add additional facts and to remove two causes of action and some of the statutes that were alleged to be violated under the negligence per se claim in the Original Petition

## I.   PROCEDURAL BACKGROUND

3. Plaintiffs filed the original Petition in Travis County District Court on March 28, 2025 alleging breach of contract, negligence, negligence per se, gross negligence, fraudulent inducement to contract, violations of the ADA and 504.

4. On April 24, 2025, Defendants removed this matter to the this Court alleging the Court had jurisdiction over the federal claims and supplemental jurisdiction over the state claims.

5. Plaintiffs filed a Motion to Remand on May 5, 2025. Defendants filed a response.

## II.   LEGAL STANDARD

6. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); see also *Cureton* v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

7. "Leave to amend must generally be granted unless equitable considerations render it

otherwise unjust. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Specifically, the Court will give leave to amend freely "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 182. This is consistent with the language of Federal Rule of Civil Procedure 15(a)(2) declaring that leave to amend "shall be freely given when justice so requires." Indeed, the Fifth Circuit has noted that Rule 15(a) "'evidences a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)).

8. The touchstone for denial of leave to amend under Rule 15(a) is prejudice. *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001). Delay warrants dismissal "only if the delay . . . presents the possibility of serious prejudice to the opponent." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598–99 & n.2 (5th Cir. 1981) (reversing district court's denial of leave to amend "proposed after dismissal of the action at the pre-trial conference and one week before the trial date" in part because the plaintiff moved to amend "promptly upon the decision of the trial court that held the pleadings defective").

### III. ARGUMENT

9. Federal Rule of Civil Procedure 159(a) requires that to amend be "freely given when justice so requires." This standard is readily met here. The Amended Complaint narrows the scope of the issues presented and removes some causes of action.

10. The Amended Complaint removes the claim for relief for violation of 504 for failing to provide accommodations. After reviewing the documents and speaking with potential witnesses,

it became clear that the issues in the case at hand involve the improper diagnosis and treatment plan by the unlicensed Defendant Gonzalez. Plaintiff H.P.'s diagnosis of ADHD was inconsistent with the treatment plan created by Defendant Gonzalez to treat her diagnosis of "undeveloped will." The issue was not one of lack of accommodations.

11. The Amended Complaint removes the claim for violations of the ADA. After interviewing potential witnesses, it was determined that Plaintiffs were not discriminated against due to H.P. having ADHD. The punishments and treatment that Plaintiff H.P. received was not specific to H.P. but was more of a systematic failure of AMS. As such, the ADA claims have been removed.

12. The Amended Complaint removes some of the alleged statutory violations under the negligence per se cause of action. After interviewing potential witnesses and analyzing the facts and law, it became evident that Plaintiffs did not have sufficient evidence at this time to meet all of the elements of the specific regulations related to napping and class size.

13. The narrowed scope of the Amended Complaint will prevent the Court's time from being wasted in response to the pending Motion to Dismiss and/or the subsequent trial of these matters.

14. The Amended complaint adds additional facts to the complaint regarding the remaining causes of action. The Original Petition was filed in state court where the pleading standard is significantly lower. Further, the page limit requirements of this court were exceeded in the Original Petition filed in the state court proceeding. The Amended Petition will resolve this violation.

15. Defendants will not suffer prejudice. In fact, the elimination of a number of claims and the additional facts provided will provide the same benefits to Defendants, as it will promote efficiency and address some issues that they have previously voiced.

16. No discovery has been conducted and no scheduling order has been entered. The Amended

Complaint does not cause delay.

## IV.   CONCLUSION

17.   For the above reasons, Plaintiffs' Unopposed Motion for Leave to File Amended Complaint should be granted.

Respectfully submitted,

**WELBORN LAW LLC**
8712 Mesa Suite B206
Austin, Teas 78759
Telephone: (512) 825-3390


By:   */s/ Amy C. Welborn*
       Amy C. Welborn
       State Bar No. 24012853
       amy@welborn-law.com

**ATTORNEY FOR PLAINTIFFS**
**CERTIFICATE OF CONFERENCE**

The undersigned certifies counsel conferred on June 11, 2025, and Defendants' counsel agreed to the relief sought. Accordingly, this Motion and the leave requested herein are unopposed.

*/s/ Amy C. Welborn*
Amy C. Welborn


**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on 11th day of June 2025.

*/s/ Amy C. Welborn*
Amy C. Welborn

4