UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § | |
| INDIVIDUALLY, AND AS NEXT FRIEND § | |
| OF H.P., L.P., and R.P., MINORS, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:25-cv-00615 ADA-SH |
| § | |
| AUSTIN MONTESSORI SCHOOL, INC.; § | |
| RONALD GRAE BAKER, INDIVIDUALLY; § | |
| and JINNY GONZALEZ, INDIVIDUALLY, § | |
|     Defendants. § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNOPPOSED FIRST AMENDED MOTION TO REMAND**

# TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ........ 1
II. LEGAL STANDARD ........ 1
III. ARGUMENT ........ 2
IV. CONCLUSION ........ 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594 (5th Cir. 1981) ................................................... 2

*Foman v. Davis,* 371 U.S. 178 (1962) ............................................................................................ 2

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363 (5th Cir. 2001) ............................... 2

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765 (5th Cir. 1999) ............................................................................................................................................ 2

*Royal Canin U.S.A. v. Wullschleger*, 145 S. Ct. 604 US 22 L.Ed. 2d 289 (2025).......................... 3

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................. 1, 2

Rule 15(2) of the Federal Rules of Civil Procedure ....................................................................... 1

1.  Pursuant to Rule 15(2) of the Federal Rules of Civil Procedure, Plaintiffs move the Court for unopposed leave for Plaintiffs to file their Unopposed First Amended Motion to Remand. Dkt. 20.

2.  Based on additional facts and information discovered in our investigation and review of documents Plaintiffs have sought leave to amended the original Complaint to add additional facts and to remove the two federal causes of action and some of the statutes that were alleged to be violated under the negligence per se claim in the Original Petition.

## I.   PROCEDURAL BACKGROUND

3.  Plaintiffs filed the original Petition in Travis County District Court on March 28, 2025 alleging breach of contract, negligence, negligence per se, gross negligence, fraudulent inducement to contract, violations of the ADA and 504.

4.  On April 24, 2025, Defendants removed this matter to the this Court alleging the Court had jurisdiction over the federal claims and supplemental jurisdiction over the state claims..

5.  Plaintiffs filed a Motion to Remand on May 5, 2025.  Defendants filed a response.

6.  Plaintiffs filed a Motion for Leave to File the First Amended Complaint and First Amended Complaint on June 11, 2025.  The amended complaint removes all federal claims.

## II.   LEGAL STANDARD

7.  Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); see also *Cureton* v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267,

272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

8. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Specifically, the Court will give leave to amend freely "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 182. This is consistent with the language of Federal Rule of Civil Procedure 15(a)(2) declaring that leave to amend "shall be freely given when justice so requires." Indeed, the Fifth Circuit has noted that Rule 15(a) "'evidences a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)).

9. The touchstone for denial of leave to amend under Rule 15(a) is prejudice. *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001). Delay warrants dismissal "only if the delay . . . presents the possibility of serious prejudice to the opponent." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598–99 & n.2 (5th Cir. 1981) (reversing district court's denial of leave to amend "proposed after dismissal of the action at the pre-trial conference and one week before the trial date" in part because the plaintiff moved to amend "promptly upon the decision of the trial court that held the pleadings defective").

10. Defendants agree to the filing of the Amended Motion for Remand.

### III.   ARGUMENT

11. Federal Rule of Civil Procedure 15(a) requires that to amend be "freely given when justice so requires." This standard is readily met here. The Amended Complaint narrows the scope of the

issues presented and removes some causes of action.

12. The Amended Complaint. The Amended Complaint removes the claim for violations of the ADA.

13. The Supreme Court ruled in *Royal Canin U.S.A. v. Wullschleger,* that, "a post-removal amendment excising all federal claims destroys federal jurisdiction." 145 S. Ct. 604 US 22, 220 L.Ed. 2d 289 (2025). As such, it is imperative to amend the Motion for Remand to show that there are no longer federal claims.

14. Defendants agree to the filing of the Amended Motion for Remand.

15. The new arguments are critical to show mandatory remand exists. This will prevent the Court's time from being wasted dealing with matters that must be remanded to the state court.

16. Defendants will not suffer prejudice and agree with this motion.

17. No discovery has been conducted and no scheduling order has been entered. The Amended Complaint does not cause delay.

## IV.    CONCLUSION

18. For the above reasons, Plaintiffs' Unopposed Motion for Leave to File Unopposed Amended Motion to Remand should be granted.

                Respectfully submitted,

                **WELBORN LAW LLC**
                8712 Mesa Suite B206
                Austin, Teas 78759
                Telephone: (512) 825-3390

                By: */s/ Amy C. Welborn*
                    Amy C. Welborn
                    State Bar No. 24012853
                    amy@welborn-law.com

                **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The undersigned certifies counsel conferred on June 11, 2025, and Defendants' counsel agreed to the relief sought. Accordingly, this Motion and the leave requested herein are unopposed.

<div style="text-align:right">

*/s/ Amy C. Welborn*
Amy C. Welborn

</div>

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on 11th day of June 2025.

<div style="text-align:right">

*/s/ Amy C. Welborn*
Amy C. Welborn

</div>