# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISON

| | |
|---|---|
| ROSS PONDER AND SARAH PONDER, § <br> INDIVIDUALLY, AND AS NEXT FRIEND § <br> OF H.P., L.P., and R.P., MINORS, § <br>     Plaintiffs, § <br> § <br> VS. § <br> § <br> AUSTIN MONTESSORI SCHOOL, INC.; § <br> RONALD GRAE BAKER, INDIVIDUALLY; § <br> and JINNY GONZALEZ, INDIVIDUALLY, § <br>     Defendants. § | CIVIL ACTION NO. 1:25-cv-00615 ADA-SH |

**PLAINTIFFS' UNOPPOSED FIRST AMENDED MOTION TO REMAND**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................................. 1

III.  ARGUMENTS AND AUTHORITIES .............................................................................. 3

    A.  Standard of Review. ..................................................................................................... 3

    B.  The Forum Selection Clause Requires Remand. .......................................................... 4

    C.  The Forum Selection Clause Requires Remand. .......................................................... 4

    D.  The Forum Selection Clause Constitutes a Clear Waiver of Removal. ....................... 8

IV.  CONCLUSION AND PRAYER ........................................................................................ 9

# TABLE OF AUTHORITIES

**Cases** ...................................................................................................................................**Page(s)**

*Aguas Lenders Recovery Grp. V. Suez, S.A.*, 585 F.3d 696 (2nd Cir. 2009) .................................. 7

*AMMCO v. Romano*, 42. F.Supp. 3d 700 (E.D. Penn 2014) ........................................................... 7

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)....................................................................... 6

*Buck v. Blum*, 130 S.W.3d 285 (Tex.App.Houston [14th Dist.] 2004, no pet.)............................... 7

*Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir.1985) ........................................... 5

*City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501 (5th Cir. 2004) ........................... 6

*City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501 (5th Cir. 2004) ... 8

*Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318 (10th Cir. 1997)................................. 5

*Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir.2004) ......... 6

*Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255 (5th Cir. 2017).................. 5, 8

*In re: Fraser*, 75 F. Supp. 2d 572 (E.D. Tex. 1999) ....................................................................... 3

*Lamar County Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188 (E.D. Tex.), aff'd, 2022 WL 476086 (5th Cir.) .......................................................... 5

*Manguno v. Prudential Property & Ca. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002)............................ 3

*Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328 (S.D. Tex. 1995) ............................ 3

*Royal Canin U.S.A. v. Wullschleger* 145 S. Ct. 604 US 22 L.Ed. 2d 289 (2025)........................... 3

*Stewart v. Ricoh Corp.*, 487 U.S. 22 (1988), at 108 S.Ct. 2239 ..................................................... 6

*Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 356 F. Supp. 3d 612 (N.D. Tex. 2019) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457 (5th Cir. 2004)) ... 3

*Texas Medicine Resources, LLP*, 356 F. Supp. 3d at 616............................................................... 3

*Vantage Trailers v. Beall Corp.*, 567 F.3d 745 (5th Cir. 2009)...................................................... 3

**Statutes**

28 U.S.C. §1447 ............................................................................................................................. 2

## I. INTRODUCTION

1. This action was originally filed in 345th Judicial District Court of Travis County, Texas under Cause Number D-1-GN-25-002212, on March 28, 2025.

2. On April 24, 2025, Defendants, Austin Montessori School, Inc.; Ronald Grae Baker; and Jinny Gonzalez, removed this action to this Court claiming Federal Question Jurisdiction.

3. Plaintiffs, after doing additional investigation, filed a First Amended Complaint. This complaint removed the claims for violations of the ADA and/or discrimination, violations of 504, and some of the state court statutes referenced in negligence per se.

4. Plaintiffs now move this Court to remand this action to the 345th Judicial District Court of Travis County, Texas, because (1) the amended petition contains only state law claims, with no federal question and (2) the underlying contract contains a valid and enforceable forum selection clause requiring any action related to the contract to be brought in Travis County, Texas.

5. Defendants agree to remand the matter to the Travis County District Court. The case was removed on federal question jurisdiction. The federal claims have been removed in the First Amended Petition, meaning the case does not arise from Constitutional or federal claims.

6. The Court lacks federal question jurisdiction, meaning the Court does not have subject matter jurisdiction over the case and it must be remanded to Travis County District Court.

## II. FACTUAL BACKGROUND

7. This matter arose from a dispute between the parties involving the selection of the Defendants' school for the Plaintiffs minor children to attend, the minor Plaintiffs' enrollment, attendance, and subsequent expulsion from Austin Montessori School ("AMS). The claims involve breach of contract, fraud, and fraudulent inducement regarding the programing available at the school. The claims involve the unauthorized practice of medicine by the Defendants,

negligence and gross negligence in the operation of a school under the Texas state minimum standards, and retaliation. All of these claims are state law claims. See, Exhibit A, Plaintiffs' First Amended Complaint.

8.     The Ponders first enrolled at AMS in August of 2023. The Ponders were fraudulently induced into the enrollment contract, being told a rare enrollment opportunity had become available offering full time enrollment until 3 pm each day, that the school followed Montessori teachings, complied with all state laws, and that the school could accommodate the educational needs of their children. Each school term they would enter into a contractual agreement with AMS to provide educational services.

9.     Defendants then breached the contract and refused to provide the contracted for number of hours of enrollment. Defendants began calling Plaintiffs and making them pick up their children from school as early as two hours after arrival.

10.    Defendant Gonzalez diagnosed Plaintiff H.P. with a medical condition and created a medical treatment plan and Defendants began treating him, even though the school is not a medical office and Defendant Gonzalez has no medical training. Defendants required Plaintiffs to seek additional treatment for H.P. Plaintiffs subsequently learned that H.P. suffered from ADHD and not the medical condition created by Defendants.

11.    When Plaintiffs voiced their concerns over the actions of Defendants, the Defendants retaliated and expelled all three of the Plaintiffs' children.

12.    Plaintiffs, as per the contract, attempted pre-suit mediation. When Defendants refuse to participate, the Plaintiffs were forced to file the state court action on March 28, 2025. The Plaintiffs then filed a Motion to Compel Mediation to enforce the mediation provision of the contract. Instead of agreeing to the mediation, to further delay, Defendants removed this case to

Federal Court.

13.     Plaintiffs' Motion to Remand is timely as it has been filed within the 30-day period allowed by 28 U.S.C. §1447.

### III.     ARGUMENTS AND AUTHORITIES

#### A.     Standard of Review.

12.     Federal courts are courts of limited jurisdiction and can only hear cases permitted under Article III of the Constitution and through a "jurisdictional grant authorized by Congress." *In re: Fraser*, 75 F. Supp. 2d 572, 576 (E.D. Tex. 1999). Federal courts are "duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist." *Texas Medicine Resources, LLP v. Molina Healthcare of Texas, Inc.*, 356 F. Supp. 3d 612, 615 (N.D. Tex. 2019) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

13.     When a removal is challenged, the Court must first determine if there is a statutory basis or removal under 28 U.S.C. Sec. 1441-1443.  Upon challenging removal, "the burden of proof falls on the party claiming jurisdiction, and the showing must be made by a preponderance of the evidence." *Vantage Trailers v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). Additionally, "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property & Ca. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Texas Medicine Resources, LLP*, 356 F. Supp. 3d at 616. If subject matter jurisdiction does not exist, "a federal court must remand the suit to the state court where it originated." *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

### B. The Forum Selection Clause Requires Remand.

14. Supreme Court ruled in *Royal Canin U.S.A. v. Wullschleger,* that an amended complaint holding, "a post-removal amendment excising all federal claims destroys federal jurisdiction." 145 S. Ct. 604 US 22, 220 L.Ed. 2d 289 (2025). The Supreme Court held that federal jurisdiction depends on the allegations in the operative pleading. *Id.* When an amended complaint eliminates any federal claims in a case removed based on federal-question jurisdiction, a federal court cannot exercise supplemental jurisdiction over the state-law claims that are left. *Id.* The Supreme Court observed that the plaintiff is the master of the complaint and may decide which claims are brought, and against which parties, and therefore whether or not there is a basis on which a federal court may exercise its subject-matter jurisdiction. *Id.*

15. In the case at hand, all Federal claims were dismissed from the First Amended Petition. The remaining claims are only state law claims, including, but not limited to, claims for negligence, negligence *per se*, gross negligence, negligent activity, *respondeat superior*, breach of contract, fraud, fraudulent inducement to contract, civil conspiracy, and retaliation. Further, some claims involve the unauthorized practice of medicine, which is specifically governed by the state.

16. Federal question jurisdiction no longer applies to the case, as no federal claims exist and the Court can not exercise supplemental jurisdiction over the remaining state-law claims.

### C. The Forum Selection Clause Requires Remand.

17. The Parties entered into a contract on or about January 17, 2024, which governs the subject matter of this dispute. A true and correct redacted (public version) copy of the contract for H.P. is attached hereto as Exhibit 1 to Exhibit A, Plaintiffs' First Amended Complaint.

18. The contract contains a forum selection clause. The clause at issue provides:

"In the event of litigation, the venue of any action hereunder shall lie exclusively

4

within the Circuit Court of Travis County, Texas, and the parties hereto consent to personal jurisdiction and expressly waive all right to trial by jury."

Dkt. 9-2, ¶ 12. This is not merely a geographic designation. The clause unambiguously designates the exclusive venue for any dispute as a specific court—the "Circuit Court of Travis County, Texas." The use of the term "exclusively within the Circuit Court" conveys an intention to select a particular forum, not merely a location.

19. The phrase "within the Circuit Court of Travis County" is not ambiguous or geographic, relying on *Lamar County Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188 (E.D. Tex.), aff'd, 2022 WL 476086 (5th Cir.).

20. In *Lamar County*, the clause used the word "in" to describe a geographic district. Here, by contrast, the clause expressly references a court—not a geographic area—making it a forum designation, not a mere reference to locale. The use of the word "exclusively" underscores the intent to restrict jurisdiction, not merely location.

21. Although Texas does not have a "Circuit Court of Travis County, Texas," the reasonable interpretation is that the parties intended to refer to a trial-level court in Travis County—i.e., the Texas District Court or County Court. Courts routinely enforce forum selection clauses that contain such minor misnomers, focusing on intent rather than formality. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (interpreting "exclusive jurisdiction" in "district court of El Paso County, Colorado" to mean state court, not federal).

22. Even if the phrase "Circuit Court of Travis County" is imprecise or uncommon in Texas, it plainly does not refer to the United States District Court for the Western District of Texas, which is a federal court, not a court "of Travis County." The United States District Court sits in Travis County, but it is not a court of Travis County. "Where [a forum selection clause] grants exclusive

jurisdiction to the "the Courts of Texas," it is referring to Texas state courts, not just courts located in Texas." *Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) (quoting *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam)). Therefore, the forum selection clause is referring to the County Court of Travis County, Texas—a state court.

23. It has been previously decided that where there is ambiguity in a forum selection clause "an interpretation is preferred which operates more strongly against the party from whom the words proceeded." *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir.1985).

24. Additionally, in *Global Satellite Communication Co.*, the language in the forum selection clause of the contract is similar to that of this case—it names a geographical location, "host to several forums." However, the Court found it appropriate to construe the verbiage against the drafter as well. *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1274 (11th Cir.2004).

25. Further, the use of the term "exclusively" forecloses any construction that would allow for parallel federal jurisdiction. The Fifth Circuit has recognized that language specifying actions "shall be brought in [a state court]" operates as a waiver of removal rights. *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Likewise, this clause contains mandatory language specifying the exclusive forum and should be enforced as such.

26. Moreover, "where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced." *Paper Express, Ltd. v. Pfankuck Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir.1992). In this instance, use of the word "shall" and "exclusively" makes it a mandatory forum selection clause.

27. It is well-established that forum selection clauses, that are a vital part of the contract, are binding on the parties "unless the respondent can meet the heavy burden of showing that its

enforcement would be unreasonable, unfair, or unjust." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Additionally, forum selection clauses are *"prima facie* valid." *Id* at 10.

28. Moreover, 28 U.S.C. §1404(a) "governs the District Court's decision whether to give effect to the parties' forum selection clause," and the forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Stewart v. Ricoh Corp.*, 487 U.S. 22 (1988), at 32, 33, 108 S.Ct. 2239. As the parties bargained-for this forum selection clause, the enforcement "protects their legitimate expectations and furthers vital interests of the justice system." *Id* at 33.

29. The forum selection clause also applies to the individual employees that have been named individually, while acting in the course and scope of their employment, which was to fulfil the services for which the Plaintiffs contracted. The individuals named in the action through the Close Relationship Doctrine which is used to prevent, "parties to contracts from using evasive, formalistic means lacking economic substance to escape contractual obligations." *Aguas Lenders Recovery Grp. V. Suez, S.A.*, 585 F.3d 696, 701 (2nd Cir. 2009). The individuals named in this action are employees of Austin Montessori School and these claims arise from work done in the course and scope of their employment. "'The typical *respondeat superior* claim involves an allegation of negligence on the part of the employee'" occurring within the course and scope of the employee's employment." *Buck v. Blum*, 130 S.W.3d 285, 288 (Tex.App.Houston [14th Dist.] 2004, no pet.). "The close relationship arises directly from benefits that the…Defendants derived from the…contractual relationship." *AMMCO v. Romano*, 42. F.Supp. 3d 700, 709 (E.D. Penn 2014). "Even though they are non-signatories, [they] are nevertheless bound to the forum-selection clauses, having apparently been created and operated by a signatory to engage in activities covered by the agreements." *Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, No. 1:20-cv-02757-DDD-STV, 2020 WL 6119470 (D. Colo. Oct. 16, 2020). In the case at hand, the individuals named

7

in this action benefit from a close relationship with Defendant AMS through *respondeat superior*. Therefore, the individuals named in this action are also bound by the terms of the Contract.

30. The forum selection clause in the contract between Plaintiffs and Defendants is valid and enforceable. It clearly and unambiguously designates the Travis County District Court as the exclusive forum for any action arising out of or relating to the contract. Plaintiffs' claims in this action fall squarely within the scope of the forum selection clause, as they directly arise from and relate to the contract. Therefore, the Court should honor the parties' contractual agreement and remand this action to the 345th Judicial District Court, Travis County, Texas.

**D.    The Forum Selection Clause Constitutes a Clear Waiver of Removal.**

31. It is well established that a party may contractually waive its right to remove a case to federal court. *See Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017). A waiver is found where the clause: designates a specific court; uses mandatory language; and does not provide alternative forums. *Id; see also City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("A party may waive its rights by agreeing to a mandatory, exclusive forum selection clause. In determining whether there has been a waiver, we look to the language of the forum selection clause for a clear and unequivocal expression of the party's intent to litigate in a particular forum."). All of these elements are satisfied here. The clause mandates that venue shall lie exclusively in a named court. While Defendants argue the clause is ambiguous, that position is unsustainable given the directive language used.

32. The Fifth Circuit has also held that even ambiguity cannot overcome the requirement of a "clear and unequivocal" waiver. See *Grand View*, 847 F.3d at 258. But here, the waiver is not ambiguous—it is explicit in identifying an exclusive venue that does not include this Court.

### IV.   CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs respectfully request the Court:

1. Grant this Unopposed First Amended Motion to Remand.

2. Remand this action to the 345th Judicial District Court, Travis County, Texas.

3. Grant such other and further relief, in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WELBORN LAW LLC**
8712 Mesa Suite B206
Austin, Teas 78759
Telephone: (512) 825-3390


By:   */s/ Amy C. Welborn*
    Amy C. Welborn
    State Bar No. 24012853
    amy@welborn-law.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

The undersigned certifies counsel conferred on June 11, 2025, and Defendants' counsel agreed to the relief sought. Accordingly, this Motion is unopposed.

*/s/ Amy C. Welborn*
Amy C. Welborn

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on 11th day of June 2025.

*/s/ Amy C. Welborn*
Amy C. Welborn